UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LUTSKAN DIMITROV LUTSKANOV, | Case No. 16-CV-3775 (SRN/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| BULGARIA, | |
| Defendant. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Lutskan Dimitrov Lutskanov's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2].

Plaintiff, a resident of Bulgaria, seeks to sue that nation based on alleged violations of human rights committed against him and his mother. Lutskanov did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* Docket No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Lutskanov qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons

proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

This Court likely lacks jurisdiction over the claims raised by Lutskanov against Bulgaria on account of that nation's sovereign immunity. *See, e.g.*, 28 U.S.C. § 1604; *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993). Determining the scope of Bulgaria's immunity from this lawsuit is impossible, however, as Lutskanov's Complaint is simply too conclusory to put either the defendant or the Court on notice of the specific claims being raised. Although Lutskanov alleges that Bulgaria has committed "brutal and inhuman violations" of human rights, Compl. at 1 [Docket No. 1], he does not allege in any detail what those abuses were. Absent sufficient non-conclusory factual allegations, this Court cannot conclude that Bulgaria has violated any statute or treaty enforceable in this jurisdiction.[1] Accordingly, this lawsuit should be summarily dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1]Again, even if Lutskanov *had* pleaded factual allegations regarding those abuses, it is doubtful this Court would have jurisdiction over those claims on account of Bulgaria's sovereign
(continued...)

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. Plaintiff Lutskan Dimitrov Lutskanov's application to proceed *in forma pauperis* [Docket No. 2] be **DENIED**.


Dated: November 4, 2016            s/Leo I. Brisbois
                                   Leo I. Brisbois
                                   United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

---

[1](...continued)
immunity.